**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Clayton Thomas Jones, Appellant.

Appellate Case No. 2022-001775

———————

Appeal From Richland County
Walton James McLeod, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-368
Submitted March 2, 2026 – Filed July 15, 2026

———————

**AFFIRMED**

———————

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Joshua Abraham Edwards, and Solicitor Byron E. Gipson, all of Columbia, all for Respondent.

———————

**PER CURIAM:** Clayton Thomas Jones appeals his conviction for third-degree criminal sexual conduct with a minor and sentence of fifteen years' imprisonment.

He claims the trial court erred by allowing two-way video testimony by the forensic interviewer, Dr. Allison Foster. We find any error in allowing Foster to testify by Zoom was harmless. Foster's jury testimony was cumulative to other testimony and consisted solely of authentication of the videotape being introduced into evidence. Accordingly, Foster's testimony could not have reasonably affected the result of the trial and we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Johnson*, 422 S.C. 439, 449, 812 S.E.2d 739, 744 (Ct. App. 2018) ("A trial court's decision to allow videotaped or closed-circuit testimony is reversible 'only if it is shown that the trial judge abused his discretion in making such a decision. '" (quoting *State v. Bray*, 342 S.C. 23, 27, 535 S.E.2d 636, 639 (2000))); *id.* ("Where there is evidence to support a trial court's ruling, it will not be overturned for an abuse of discretion." (quoting *Bray*, 342 S.C. at 27, 535 S.E.2d at 639)); *Coy v. Iowa*, 487 U.S. 1012, 1016 (1988) ("[T]he Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact."); *Johnson*, 422 S.C. at 453, 812 S.E.2d at 746 (finding the trial court erred by allowing police testimony via two-way video chat); *id.* ("[I]n the absence of an important public policy or at least an exceptional circumstance, modifying a defendant's truest exercise of the Sixth Amendment right via in-person confrontation is inappropriate."); *id.* (finding that the error in allowing two-way video chat was harmless); *id.* ("Error is harmless if it could not have reasonably affected the result of the trial."); *State v. Curry*, 370 S.C. 674, 680, 636 S.E.2d 649, 652 (2006) (noting that whether testimony was cumulative is a factor to consider in determining harmless error).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.